Bankruptcy Case # 19-23752/GLT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Martin J Viale and Donna M. Viale, <br>    Debtors. <br><br>Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-6, U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, <br>    Movant, <br>v. <br>Martin J Viale and Donna M. Viale, <br>    Debtors, <br>Ronda J. Winnecour, Trustee, <br>    Additional Respondent. | CHAPTER 13 <br><br>BANKRUPTCY CASE NUMBER 19-23752/GLT <br><br>11 U.S.C. § 362 |

## CONSENT ORDER

AND NOW, this _____ day of _____, 2020, at the Western District of Pennsylvania, upon consideration of the Motion of Movant for Relief From the Automatic Stay (the "Motion"), the response if any, and after hearing conducted on May 6, 2020, it is hereby stipulated and agreed to by Movant and Debtor as follows:

1. Movant's motion is hereby GRANTED, in part, with the conditions listed below;

2. The automatic stay pursuant Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Code"), 11 U.S.C. § 362, relief remains in effect for the property located at 3658 Watson Road, Stow, NY 14785 (the "Property"), provided Debtors cure the Chapter 13 plan arrears to the Trustee on or before September 1, 2020;

3. Debtors agree to resume making to the Trustee the regular Chapter 13 plan payments currently in the amount $4,950.00, or as same may be adjusted from time to time in accordance with Court Order or Notice of Payment Change filed;

4. Debtors are to remain current on their Chapter 13 plan payments to the to the Trustee;

5. Should Debtors' regular monthly mortgage payment amount change, Movant shall notify Debtors and the Trustee of such change, and the monthly payment amount due under the terms of the Plan shall change accordingly;

6. In the event that Debtors fail to make any of the payments set forth above, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court may enter an Order granting Movant relief from the Automatic Stay as to the Property.

7. Upon certification of default by Movant's counsel, the Automatic Stay of all proceedings, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Code"), 11 U.S.C. § 362, as to property located at 3658 Watson Road, Stow, NY 14785 is lifted to allow Movant, or its successors, if any, to proceed with, or to resume proceedings in Mortgage Foreclosure, including, but not limited to Sheriff's or Marshal's Sale of 3658 Watson Road, Stowe, NY 14785; and to take action, by suit or otherwise as permitted by law, in its own name or the names of its assignee to obtain possession of said premises; and it is

8. Upon lifting of the Automatic Stay, any future bankruptcy cases filed by Debtor, Co-Debtor, or their successors, assigns, or any other persons, will not stay any actions taken by Movant or its successors from proceeding with enforcement of its right to possession of, or title to, the Property; and

9. Debtors shall be prohibited from re-filing a bankruptcy petition, under any chapter of the Bankruptcy Code, for a period of (2) years.

10. Upon lifting of the Automatic Stay, the Rule 4001(a) (3) is not applicable and Movant, or its successors if any, may immediately implement and enforce the Court's order.


Dated: 5/15/2020    /s/Kristen D. Little
Kristen D. Little, Esquire
Attorney for Movant


Dated: 5/15/2020    /s/Brian C. Thompson
Brian C. Thompson, Esquire
Attorney for Debtors


**AND NOW, _____ day of _____, 2020, it is hereby ORDERED that the foregoing Consent Order is approved, shall be, and is made an Order of this Court.**

BY THE COURT:

_____
**HONORABLE GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE**